IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| AARON ANTONIO, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SUNPRO SOLAR, LLC<br><br>Defendant. | CASE NO.<br><br>JUDGE<br><br><br><br>**COMPLAINT FOR CLASS ACTION** |

Now comes Aaron Antonio, individually and as representative of all others similarly situated, and for his Class Action Complaint states:

## INTRODUCTION

1. This is a class action brought by Aaron Antonio, individually and as a putative class representative, against SunPro Solar, LLC ("SunPro" or "Defendant"). Defendant has violated federal law by using automatic telephone dialing systems ("ATDS") to place unsolicited calls to the telephones of consumers nationwide without the consent of the telephone's owner.

2. Under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., ("TCPA") Plaintiff seeks to stop Defendant from placing the unsolicited calls and to obtain redress for all persons injured by this conduct.

3. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, based on the investigation conducted by his attorneys.

## PARTIES

4. Plaintiff Aaron Antonio (hereinafter, "Plaintiff") is an individual and resident of the State of Ohio, County of Geauga, and City of Chardon.

5. Defendant SunPro Solar, LLC is a Limited Liability Company with its principal place of business located at 22171 MCH Rd, Mandeville, LA 70471.

## JURISDICTION AND VENUE

6. The Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, specifically the Telephone Consumer Protection Act, 47 U.S.C. § 227. *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

7. Because a substantial portion of the events giving rise to the present claim occurred in this District, venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

## FACTUAL ALLEGATIONS

8. The TCPA serves that purpose and exists to prevent communications like the ones described within this complaint. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

9. Congress also found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance…" *Id.* at §§12-13.

10. Congress passed the TCPA to make it illegal to send autodialed, artificial, or prerecorded messages without prior express consent. 47 U.S.C. §227 et seq.

11. The TCPA expressly prohibits the use of an automatic telephone dialing system ("ATDS") to call any telephone number assigned to a cellular telephone service, absent an

2

emergency purpose (inapplicable in the present case) or absent Defendant obtaining the prior express consent of the called party.

12. Thus, under the TCPA, companies (like Defendant SunPro) may not send unsolicited calls to its users without their prior express consent. 47 U.S.C. § 227(b)(1)(A)(iii).

13. What's more, companies (like Defendant SunPro) specifically may not make unsolicited *telemarketing* calls to users' cell phone numbers without prior express *written* consent. 47 C.F.R. § 64.1200(a)(2).

14. The FCC has defined telemarketing as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(12).

15. Furthermore, The FCC has stated that telemarketing occurs when the context of a call indicates that it was initiated and transmitted to a person for the purpose of promoting property, goods, or services. 47 C.F.R. § 64.1200(a)(2)(iii); 47 C.F.R. § 64.1200(f)(12); 18 FCC Rcd. 14014,14098 ¶141 (FCC 2003).

16. SunPro is one of the leading providers of rooftop solar for the Gulf Coast and Southeast regions. SunPro designs, installs, and maintains the solar panels on residential and commercial properties.

17. In an attempt to market and sell residential solar panels, Defendant repeatedly made automated promotional telephone calls to Plaintiff and the other members of the putative Class's telephones, in violation of the TCPA.

18. Defendant SunPro made calls to Plaintiff and the putative class members using an ATDS, and did so to promote its products and services without Plaintiff's, or the putative class members', prior express written consent.

19. By making these unauthorized telephone calls, SunPro has violated Plaintiff's and other individuals' statutory and privacy rights. SunPro has also caused actual concrete harm, not only because Plaintiff and the class were subjected to the aggravation, time, and invasion of privacy that necessarily accompanies unwanted phone calls, but also because the Plaintiff and the class frequently pay their cell phone service providers for the receipt of such unwanted telephone calls, have lost use of their cell phone and cell phone line when receiving such calls, are subjected to increased electricity costs to charge their phones after receiving such calls, and waste their time answering or otherwise acknowledging such calls.

20. The telemarketing calls placed by SunPro are a nuisance and infringe on the established privacy rights of Plaintiff, infringe on the Plaintiff's right to be left alone, and represent the exact concrete harm that Congress sought to prevent when it enacted the TCPA.

21. The nuisance of these unwanted and unconsented telemarketing calls require the Plaintiff and the class to waste time answering or otherwise acknowledging such calls. These telemarketing calls are therefore distracting, interrupt the lives of Plaintiff and the class, and cause Plaintiff and the class to lose valuable time.

22. Further, the telemarketing calls intrude on the ability of the Plaintiff and the class to use their cell phone line.

23. These unsolicited autodialed telemarketing calls, placed to Plaintiff and the class who have not provided consent, are not just annoying but deplete a cell phone's battery and increase the cost of electricity that Plaintiff and the class have to pay to recharge their cell phones.

24. SunPro has placed, and continue to place, thousands of these unsolicited autodialed telemarketing calls to individuals who have not provided consent – or otherwise – to

SunPro, all in violation of the TCPA and each individual's right to privacy, right to be left alone, and causes further concrete harm.

25. To redress these injuries, Plaintiff, on behalf of himself and a nationwide class, brings this class action under TCPA.

26. On behalf of himself and the Class, Plaintiff seeks an injunction requiring Defendant to cease all unsolicited telephone calling activities and an award of statutory damages to the Class members, together with costs and reasonable attorneys' fees.

## THE CALL TO PLAINTIFF AARON ANTONIO

27. Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

28. Between January 29, 2018 and February 1, 2018 (inclusive), SunPro placed six separate telemarketing calls to the Plaintiff's cellular telephone.

29. The calls from SunPro came from (727) 223-6405, (727) 228-1754, (352) 353-0514 and (352) 353-0505, out of Clearwater and Archer, Florida.

30. When answering the call, Plaintiff heard a pause followed immediately by a "click" noise. This unmistakably was NOT a human being manually dialing a phone number and executing a call, but a machine automatically calling people and then automatically connecting that call to a human in SunPro's call center only after a recipient, such as the Plaintiff, answered the call.

31. Plaintiff has never given express consent, written or otherwise, to receive a telephone call from Defendant.

32. Plaintiff does not have a relationship with Defendant, has never provided his telephone number to Defendant, nor consented or requested that Defendant call him or offer him products or services.

## **CLASS ALLEGATIONS**

33. Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

34. Defendant and its agents have made, and continue to make, unsolicited calls to cellular telephone numbers, including to Plaintiff's and the other members of the class, using an automatic telephone dialing system.

35. These calls were made without the prior express consent of Plaintiff or the class members.

36. Plaintiff brings this action on behalf of himself and for all other persons similarly situated (herein collectively referred to as "Plaintiffs" or "putative class members") defined as follows:

> All individuals who received one or more calls from Defendant to a cell phone through the use of an automatic telephone dialing system at any time without their consent.

37. This class numbers over one hundred (100) persons and is so numerous that joinder of all members is impracticable, and it is further impracticable to bring all such persons before this Court.

38. The injuries and damages to these class members present questions of law and fact that are common to each class member, and that are common to the entire class as a whole. Those common questions include, and are not limited to:

> (a) Whether the subject calls were auto-dialed;
>
> (b) Whether the subject calls are covered by the TCPA;

(c) Whether the subject calls violate the TCPA; and

(d) Whether the class members are entitled to relief under the TCPA.

39. Defendant has have engaged in the same conduct regarding all of the other members of the class asserted in this suit.

40. The claims, defenses, and injuries of the representative Plaintiff are typical of the claims, defenses and injuries of the entire class, and the claims, defenses and injuries of each class member are typical of those of the entire class.

41. Representative Plaintiff will fully and adequately protect and represent the entire class, and all of its putative class members.

42. The identity of all members of this class cannot be determined at this time, but will be so determined at a later time upon obtaining discovery from Defendant and others.

43. The prosecution of separate actions by each member of this class would create a substantial risk of inconsistent or varying adjudications with regard to individual members of the class that would establish incompatible standards of conduct for Defendant.

44. The prosecution of separate actions would also create a substantial risk of adjudication with respect to individual members of the class which, as a practical matter, would be dispositive of the interest of other members not parties to the adjudication, thereby substantially impairing and impeding their ability to protect these interests. Further, the maintenance of this suit as a class action is the superior means of disposing of the common questions which predominate herein.

## FIRST CLAIM FOR RELIEF
**Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq.**

45. Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

46. Plaintiff did not expressly consent to receive calls from Defendant, as required by the TCPA.

47. Defendant used a computerized ATDS system to call Plaintiff's cellular telephone.

48. The call to Plaintiff's cellular telephone was a violation of 47 U.S.C. 227(b)(1)(A)(iii).

49. Defendant placed this call in knowing violation of the TCPA. It willfully violated federal law.

50. Defendant has acted in the same way toward all members of the class.

51. Plaintiff and the class members were harmed by Defendant's conduct. This included the harm envisioned by the TCPA in being a recipient of an unlawful robo-call for which the TCPA provides specific relief. This also included the harms and actual damages identified in paragraph 10 above, which is incorporated here.

52. As a result of these calls, Plaintiff and the class are entitled to relief, recovery, and damages under the TCPA.

## SECOND CLAIM FOR RELIEF
**Injunction and Request for Restraining Order**

53. Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

54. Unless restrained and enjoined, Defendant will not cease and desist the conduct described above, and continues that conduct unabated.

55. Plaintiff and the class have no adequate remedy at law to prevent Defendant from continuing this conduct in violation of law.

56. The TCPA provides for injunctive relief against continuing violations, stating:

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State — A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation…47 USCS § 227(b)(3).

### **PRAYER FOR RELIEF**

**WHEREFORE** Plaintiff demands judgment as follows:

1. For an Order determining at the earliest possible time that this matter may proceed as a class action under Civil Rule 23 and certifying this case as such;

2. For a preliminary and thereafter permanent injunction preventing Defendant from continuing its conduct described above;

3. For damages of actual monetary loss, or $500 for each violation, whichever is greater, pursuant to 47 U.S.C. § 227(b)(3);

4. For treble damages pursuant to 47 U.S.C. § 227(b)(3);

5. For reasonable costs and attorney fees necessarily incurred herein; and

6. For such other or further relief to which Plaintiff and the class are entitled.

Respectfully submitted,

*/s/Patrick J. Perotti*
Patrick J. Perotti, Esq. (#0005481)
Nicole T. Fiorelli, Esq. (#0079204)
Frank A. Bartela, Esq. (#0088128)
**DWORKEN & BERNSTEIN CO., L.P.A.**
60 South Park Place
Painesville, Ohio 44077
(440) 352-3391     (440) 352-3469 Fax
Email: *pperotti@dworkenlaw.com*
            *nfiorelli@dworkenlaw.com*
            *fbartela@dworkenlaw.com*